UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MEHMET AKIN,                                                                    Civil Action No.

                Plaintiff,

  -against-

JAY PETROLEUM INC. d/b/a ADVANCE
GAS and SATISH SHAH,

                Defendants.
-----------------------------------------------------------------X

## COMPLAINT

Plaintiff, MEHMET AKIN ("Plaintiff"), as and for his Complaint against Defendants, JAY PETROLEUM d/b/a ADVANCE GAS and SATISH SHAH (hereinafter, "Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and the New York Codes, Rules, and Regulations, Part 142 (hereinafter, the "Regulations"), to recover unpaid overtime compensation, spread of hours compensation, and for other relief.

2. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

1

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff is an adult male who resides in Lindenhurst, New York.

6.      Plaintiff was employed by Defendants from on or about April 8, 2019 until on or about August 31, 2019.

7.      According to the New York State Department of State, Division of Corporations, Defendant Jay Petroleum Inc. d/b/a Advance Gas (hereinafter, "Jay Petroleum") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Upon information and belief, Defendant Jay Petroleum maintains corporate offices located at 687 Route 109, West Babylon, New York 11704.

9.      Upon information and belief, Defendant Jay Petroleum owns and operates the Advance Gas gas station located at 687 Route 109, West Babylon, New York 11704.

10.     At all relevant times, Defendant Jay Petroleum has maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

11.     Upon information and belief, Defendant Satish Shah (hereinafter "Shah") is a resident of the State of New York.

12.     Upon information and belief, at all relevant times, Defendant Shah is an owner, corporate officer, director, and/or managing agent of Defendant Jay Petroleum.

13.     Upon information and belief, at all relevant times, Defendant Shah has exercised operational control over Defendant Jay Petroleum, controlled significant business functions of Defendant Jay Petroleum, determined employee salaries, made hiring decisions, and acted on

behalf of and in the interest of Defendant Jay Petroleum in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

14. At all relevant times, Defendant Shah has participated in running the daily operations of Defendant Jay Petroleum.

15. At all relevant times, Defendant Shah has participated in the management and supervision of Plaintiff and his work for Defendant Jay Petroleum.

16. At all relevant times, Defendant Shah has maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

17. At all relevant times, Defendants have had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

18. Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

19. At all times relevant to this action, Plaintiff was employed as a gas station attendant for the benefit of and at the direction of Defendants at the Advance Gas gas station located at 687 Route 109, West Babylon, New York 11704.

20. Throughout his employment with Defendants, Plaintiff's primary duty as a gas station attendant was to operate the cash register, assist customers, stock inventory, and clean the gas station.

21. Throughout his employment with Defendants, Plaintiff worked seven days per week, from about 2:00 p.m. until about 12:00 a.m. Monday through Saturday, and from about 6:00 p.m. until about 12:00 a.m. on Sundays.

22. During this time, Plaintiff did not receive and did not take any uninterrupted meal breaks.

23. During this time, Plaintiff has generally worked at least sixty-six (66) hours per week.

24. Throughout Plaintiff's employment, Defendants paid Plaintiff an hourly rate of pay.

25. Throughout Plaintiff's employment, Defendants paid Plaintiff in cash on a weekly basis.

26. Throughout Plaintiff's employment, Defendants paid Plaintiff straight time for all hours worked.

27. Throughout Plaintiff's employment Defendants did not pay Plaintiff overtime compensation for any hours that he worked in excess of forty (40) hours each week.

28. Throughout Plaintiff's employment, Defendants did not require Plaintiff to sign, punch, or clock in or out of his shifts or to track his time worked in any other manner.

29. Throughout Plaintiff's employment, Defendants failed to keep and maintain accurate time records for the time that Plaintiff worked each day and week.

30. Throughout Plaintiff's employment, Defendants did not provide Plaintiff with a notice and acknowledgment of pay rate and pay day, or any other type of wage notice, at the time of his hiring, or at any time thereafter, as required by NYLL § 195(1).

31. Throughout Plaintiff's employment, Defendants did not provide Plaintiff with complete and accurate earnings statements, paystubs, cash receipts, or any other type of wage statement along with his weekly paycheck, as required by NYLL § 195(3).

32. Defendant Shah participated in the decision to maintain Plaintiff's employment status when Defendant Jay Petroleum purchased the gas station at 687 Route 109, West Babylon, New York 11704.

33. Defendant Shah participated in the daily supervision of Plaintiff's duties during his employment.

34. Defendant Shah participated in setting Plaintiff's work schedule during his employment.

35. Defendant Shah participated in deciding the manner in which Plaintiff was paid during his employment.

36. Defendant Shah participated in running the day-to-day operations of Defendant Jay Petroleum and the Advance Gas gas station during Plaintiff's employment.

37. Defendant Shah participated in deciding the hours that Plaintiff worked each week during his employment.

38. Defendant Shah participated in deciding the job duties that Plaintiff performed on a daily basis during his employment.

39. Defendants managed Plaintiff's employment, including the amount of overtime worked.

40. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

41. Defendants were aware of Plaintiff's work hours but failed to pay him the full amount of overtime compensation to which he was entitled for this work time under the law.

42. Defendants' failure to pay proper wages in a timely manner was made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

43. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

44. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

45. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Jay Petroleum is an enterprise engaged in commerce or in the production of goods for commerce.

46. At all times relevant to this Complaint, Defendant Jay Petroleum had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled merchandise that originated outside of the State of New York.

47. Upon information and belief, the gross annual volume of sales made or business done by Defendant Jay Petroleum for the years 2017, 2018, and 2019 was not less than $500,000.00.

48. Additionally, Plaintiff individually qualifies for the protections of the FLSA because he processes credit card transactions that are sent to credit card companies located outside of the State of New York.

49. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

50. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

51. By the above-alleged conduct, Defendants violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

52. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

53. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

54. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

55. Defendants have not acted in good faith with respect to the conduct alleged herein.

56. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

57.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

58.     At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

59.     Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

60.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

61.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

62.     Plaintiff was not exempt from the overtime provisions of the New York Labor Articles, because he does not meet the requirements for any of the reduced number of exemptions available under New York law.

63.     Defendants have acted willfully and have either known that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law. Defendants have not acted in good faith with respect to the conduct alleged herein.

64. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### COUNT III
### VIOLATION OF THE NEW YORK LABOR LAW
### NYLL SECTION 195(1)
### FAILURE TO PROVIDE WAGE NOTICES

65. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

66. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

67. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

68. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

69. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

70. Defendants willfully failed to provide Plaintiff written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

71. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

72. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

   1. Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

    2.    Willfully violated the provisions of the FLSA;

    3.    Violated the provisions of the NYLL by failing to pay overtime compensation to Plaintiff;

    4.    Willfully violated the applicable provisions of the NYLL;

    5.    Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B.    Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C.    Award liquidated damages under the NYLL, or alternatively the FLSA;

D.    Award interest on all NYLL overtime compensation, and other compensation due accruing from the date such amounts were due;

E.    Award all statutory damages under the NYLL;

F.    Award all costs and attorney's fees incurred in prosecuting this action; and

G.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York  
February 28, 2020

                                                                  Neil H. Greenberg, Esq.  
                                                                   Neil H. Greenberg & Associates, P.C.  
                                                                   *Attorneys for the Plaintiff*  
                                                                  4242 Merrick Road  
                                                                  Massapequa, New York 11758  
                                                                  Tel: 516.228.5100  
                                                                  nhglaw@nhglaw.com